

JUN 24 1999

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F&G Scrolling Mouse LLC )<br>)<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>)<br>Microsoft Inc  et al )<br>)<br>Defendant(s). )<br>) | NO.  C99-995WD<br><br>ORDER REGARDING<br>DISCOVERY AND<br>DEPOSITIONS |

IT IS ORDERED that:

1. <u>DISCOVERY</u>.  All discovery matters are to be resolved by agreement if possible.  If a ruling is needed as to any discovery question, and counsel wish to avoid the time and expense of a written motion, they may obtain an expedited ruling through a telephone conference call to the court at (206) 553-0103.

2. <u>DEPOSITIONS</u>.  Depositions will be conducted in compliance with the following rules:

    (a) <u>Examination</u>.  If there are multiple parties, each side should ordinarily designate one attorney to conduct the main examination of the deponent, and any questioning by other counsel on that side should be limited to matters not previously covered.

ORD RE DISCOVERY
& DEPOSITIONS - 1

77

(b) <u>Objections</u>. The only objections that should be raised at the deposition are those involving a privilege against disclosure, or some matter that may be remedied if presented at the time (such as the form of the question or the responsiveness of the answer), or that the question seeks information beyond the scope of discovery. Objections on other grounds are unnecessary and should generally be avoided. All objections should be concise and must not suggest answers to, or otherwise coach, the deponent. Argumentative interruptions will not be permitted.

(c) <u>Directions Not to Answer</u>. Directions to the deponent not to answer are improper, except on the ground of privilege or to enable a party or deponent to present a motion to the court or special master for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress the party or the deponent, or for appropriate limitations upon the scope of the deposition (e.g., on the ground that the line of inquiry is not relevant nor reasonably calculated to lead to the discovery of admissible evidence). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of the communication, who made the statement in question, to whom and in whose presence the statement was made, other persons to whom the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

(d) <u>Responsiveness</u>.  Witnesses will be expected to answer all questions directly and without evasion, to the extent of their testimonial knowledge, unless directed by counsel not to answer.

(e) <u>Private Consultation</u>.  Private conferences between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted.  Unless prohibited by the court for good cause shown, such conferences may, however, be held during normal recesses and adjournments.

(f) <u>Conduct of Examining Counsel</u>.  Examining counsel will refrain from asking questions he or she knows to be beyond the legitimate scope of discovery, and from undue repetition.

(g) <u>Courtroom Standard</u>.  All counsel and parties should conduct themselves in depositions with the same courtesy and respect for the rules that are required in the courtroom during trial.

3. <u>RESPONSIBILITY OF PLAINTIFF'S COUNSEL</u>.  This order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff.  <u>Plaintiff's counsel (or plaintiff, if pro se) is directed to deliver a copy of this order to each other party within ten days after receiving notice of that party's appearance</u>.

Dated: _____June 24, 1999_____.

*William L. Dwyer*
William L. Dwyer
United States District Judge

ORD RE DISCOVERY
& DEPOSITIONS - 3